NOT FOR PUBLICATION



FILED

SEP 30 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| URICA, INC.,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>MEDLINE INDUSTRIES, INC.;<br><br>    Defendant-Appellee. | No. 14-56545<br><br>D.C. No.<br>2:11-cv-02476-MMM-RZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted September 2, 2016[**]
Pasadena, California

Before: TASHIMA, WARDLAW, and BYBEE, Circuit Judges.

Urica, Inc. ("Urica") asks us to reverse the district court's grant of summary

judgment to defendant Medline Industries, Inc. ("Medline") on Urica's inducing

breach of contract claim. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Under California law, there are five elements for a claim of intentional interference with contractual relations: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990). Each element must be established to succeed on the claim. The district court correctly found that Urica failed to offer proof of resulting damages.

"[D]amages for the loss of prospective profits are recoverable where the evidence makes reasonably certain their occurrence and extent." *Grupe v. Glick*, 26 Cal. 2d 680, 693 (1945). During trial, Urica conceded that it could not make an admissible claim for lost profits. As Urica's counsel stated: "[P]laintiffs must concede to the Court that we cannot make an admissible case for lost profits . . . where Pharmaplast continued to supply goods to existing customers, the Court concluded that it would be too speculative. And we, of course, have no evidence to the contrary . . . ." Reporter's Transcript of Proceedings at 7, *Urica, Inc. v. Medline Indus., Inc.*, No. CV11-2476-MMM-RZ (C.D. Cal. Apr. 15, 2013). Indeed, the evidence shows that Urica's affiliate URI Health & Beauty LLC ("URIHB") did not lose any existing or future customers as a result of Medline's

alleged interference. Despite the 2008 agreement between Medline and Pharmaplast S.A.E. ("Pharmaplast"), Pharmaplast continued to sell products to URIHB for existing customers. And Pharmaplast decided to stop quoting prices for new URIHB customers in late 2007 or early 2008 (*before* Medline's alleged interference) because of URIHB's chronic late payments.

Urica suggests that Medline's profits from sales of Pharmaplast products would be an appropriate measurement of damages. California courts have permitted consideration of a defendant's profits in measuring a plaintiff's loss of profits. *See GHK Assocs. v. Mayer Grp.*, 224 Cal. App. 3d 856, 874 (1990); *Ramona Manor Convalescent Hosp. v. Care Enters.*, 177 Cal. App. 3d 1120, 1140 (1986). But using a defendant's profits as a measurement of damages is appropriate only when the plaintiff has first produced evidence that it was, in fact, damaged by the defendant's interference. *See GHK,* 224 Cal. App. 3d at 873 (using the defendant's profits as a measurement of damages only after first finding that "substantial evidence" showed that the plaintiff was damaged and noting that "[w]here the *fact* of damages is certain, the amount of damages need not be calculated with absolute certainty").

Urica failed to make the initial showing that it was damaged by Medline's alleged interference. As explained previously, Urica continued to place orders

with Pharmaplast for existing customers through 2011, and Pharmaplast chose not to quote prices for new URIHB customers for reasons independent of its later agreement with Medline.

As the district court also noted, California law generally does not allow plaintiffs to recover more on an inducing breach of contract theory than they would have had the contract been fully performed. *See GHK*, 224 Cal. App. 3d at 874–75. Notably, the district court granted summary judgment to Pharmaplast on Urica's breach of contract claim on the ground that Urica suffered no damages as a result of that breach, and Urica does not appeal that holding. If Urica cannot recover against Pharmaplast (the very party that allegedly breached the exclusivity contract) because there were no resulting damages, then it necessarily follows that it cannot recover against Medline for inducing that breach. Further, expert testimony showed that, even if Pharmaplast would have been willing to supply URIHB's new customers, URIHB would not have been able to take on the clients that Medline acquired because URIHB lacked the resources and management to handle such a large increase in sales. Accordingly, any attribution of Medline's sales to URIHB for the purpose of calculating URIHB's damages would likely result in a windfall to URIHB.

**AFFIRMED.**

4