NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ORACLE AMERICA, INC., a Delaware Corporation; ORACLE INTERNATIONAL CORPORATION, a California Corporation, | No. 19-15506 |
| | D.C. No. 4:16-cv-01393-JST |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM* |
| HEWLETT PACKARD ENTERPRISE COMPANY, a Delaware Corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted June 8, 2020
San Francisco, California

Before: M. SMITH and HURWITZ, Circuit Judges, and ROYAL,** District Judge.

Oracle America, Inc. and Oracle International Corporation (together, Oracle)

appeal the district court's grant of summary judgment for Hewlett Packard

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable C. Ashley Royal, United States District Judge for the Middle District of Georgia, sitting by designation.

Enterprise Company (HPE). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a grant of summary judgment de novo. *Shelley v. Geren*, 666 F.3d 599, 604 (9th Cir. 2012). "We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law." *Zabriskie v. Fed. Nat'l Mortg. Ass'n*, 940 F.3d 1022, 1026 (9th Cir. 2019) (citation and quotation marks omitted). In this memorandum disposition, we affirm in part and reverse in part summary judgment on the state law claims.[1]

1. We reverse summary judgment on the intentional interference with contractual relations (IICR) claim. An IICR claim requires (1) a valid contract between the plaintiff and a third party, (2) the defendant's knowledge of this contract, (3) the defendant's intentional acts designed to breach or disrupt the contractual relationship, (4) an actual breach or disruption, and (5) resulting damage. *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 791 P.2d 587, 589–90 (Cal. 1990).

The district court erred in concluding that Oracle could not prove an actual breach. Oracle support customers had at least two contracts: (1) a support contract and (2) a corresponding agreement for accessing software patches. Oracle claims that HPE and Terix induced breaches of those contracts by downloading, copying,

---

[1] In a concurrently filed opinion, we address summary judgment on the statute of limitations and the copyright infringement claims. Some of our conclusions in the opinion bear on our analysis here.

2

and installing Solaris patches outside the scope of permitted use. Because we have reversed summary judgment against Oracle on the infringement claims for pre-installation and installation conduct, we reverse on this issue as well.

The district court also erred in concluding that Oracle could not show resulting damages because customers prepay their Oracle support contracts. Lost profits are a form of damages for a tort claim. *See Little v. Amber Hotel Co.*, 136 Cal. Rptr. 3d 97, 118 (Ct. App. 2011) (explaining that a plaintiff may recover "lost profits from prospective sales" "when *a tort* disturbs an established business practice" so long as those "lost profits . . . flow[] from" interference with an existing contract (emphasis added)); *see also Urica, Inc. v. Medline Indus.*, 669 F. App'x 421, 421–22 (9th Cir. 2016) (unpublished). Oracle presented evidence concerning HPE's profits between 2010 and 2015 from the diversion of server-support contract business from Oracle, and evidence showing that Oracle suffered lost profits. This evidence suffices to show resulting damages.

2. Oracle also claims that HPE disrupted its contractual relationships with support customers who in turn failed to renew their support contracts.[2] This claim is properly construed as an intentional interference with prospective economic advantage (IIPEA) claim because it concerns "an interference with the future

---

[2] We reject HPE's contention that Oracle raised this argument for the first time on appeal and has thus waived it. Oracle's discovery responses identified both contract breaches and contract disruptions.

3

relation between the parties." *Reeves v. Hanlon*, 95 P.3d 513, 519 (Cal. 2004); *see also Ixchel Pharma, LLC v. Biogen,*—P.3d—, 2020 WL 4432623, at *6 (Cal. Aug. 3, 2020) (extending *Reeves* beyond the at-will employment context).

We reverse summary judgment on the IIPEA claim. An IIPEA claim requires an intentionally wrongful act by the defendant designed to disrupt a prospective business relationship. *Roy Allan Slurry Seal, Inc. v. Am. Asphalt S., Inc*., 388 P.3d 800, 803 (Cal. 2017). The act must be wrongful apart from the interference, pursuant to "some constitutional statutory, regulatory, common law, or other determinable legal standard." *Korea Supply Co. v. Lockheed Martin Corp*., 63 P.3d 937, 954 (Cal. 2003). Although the district court thought Oracle could show a wrongful act by identifying "only misrepresentations after May 6, 2013," Oracle has not relied on common law fraud as the independently wrongful act. Instead, Oracle relies on HPE's and Terix's alleged scheme to unlawfully access Solaris software, which allegedly infringed Oracle's copyrights and induced contract breaches of customer support contracts. Our reversal of summary judgment on the infringement and IICR claims compels us to reject the district court's wrongful act analysis.[3] We leave it

---

[3] HPE argues that Oracle cannot rely on Terix's conduct because an IIPEA claim requires wrongful conduct on the part of the defendant. Oracle's evidence, however, concerns conduct by HPE. And although HPE argues that Oracle failed to introduce evidence of a timely wrong, HPE's argument relies on reasoning by the district court that we have rejected, *i.e.*, that Oracle had to introduce evidence of a timely "misrepresentation."

for the district court to consider the argument that Oracle cannot prove "that it is reasonably probable that the lost economic advantage would have been realized but for the defendant's interference." *Youst v. Longo*, 729 P.2d 728, 733 (Cal. 1987) (emphasis omitted).

3.      Lastly, we affirm in part and reverse in part summary judgment on the California Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, claim. The UCL's "unlawful prong" makes business practices that violate other laws actionable. *CRST Van Expedited, Inc v. Werner Enters*., 479 F.3d 1099, 1107 (9th Cir. 2007). Summary judgment was proper for the UCL claims predicated on infringement because the Copyright Act preempts such claims.[4] *Norse v. Henry Holt & Co.*, 991 F.2d 563, 568 (9th Cir. 1993). Summary judgment is no longer viable for the UCL claims premised on the IICR and IIPEA claims in light of our foregoing conclusions. *See Samsung Elecs. Co. v. Panasonic Corp.*, 747 F.3d 1199, 1205 n.4 (9th Cir. 2014); *CRST Van Expedited*, 479 F.3d at 1107.

**AFFIRMED IN PART; REVERSED IN PART; and REMANDED.**

---

[4] HPE argues that if any state law claims are revived, it will show that the Copyright Act preempts them. HPE may raise this issue on remand.

5